# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE PIERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:08-cv-00575-HDM-PAL |
| ) | |
| vs. ) | **REPORT OF FINDINGS AND RECOMMENDATION** |
| ) | |
| PROCTOR-SILEX, INC., et al., ) | (Obj/Mtn Reconsideration - Dkt. # 15) |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Defendant Proctor-Silex, Inc.'s Objection to Magistrate Judge's Findings and Recommendations (Dkt. #15) filed on August 22, 2008. On September 11, 2008, District Judge McKibben entered an Order (Dkt. #16) construing Defendant's Objection as a Motion for Partial Reconsideration and referring the Objection/Motion to the undersigned for partial reconsideration of whether the dismissal of Plaintiff's Complaint should be with or without prejudice (Dkt. #14).

## BACKGROUND

The facts underlying the Objection/Motion in this matter are relatively simple. Plaintiffs' complaint was filed in Nevada state court on March 10, 2008 and removed to this court on May 6, 2008 (Dkt. #1). Kerry L. Earley of the Richard Harris Law Firm filed a Motion to Withdraw as Counsel of Record (Dkt. #9) for Plaintiffs on June 2, 2008, which the court granted (Dkt. #11) on June 3, 2008. The order provided that Plaintiffs had until July 3, 2008 to retain substitute counsel or file a notice with the court that they will be appearing in this matter *pro se*. The order also advised Plaintiffs that failure to timely comply with the order may result in the imposition of sanctions, up to or including a

1   recommendation to the District Judge that the Complaint be dismissed for failure to prosecute and

2   failure to comply with this court's orders pursuant to Fed. R. Civ. P. 41(b).

3        Pursuant to the order, the Clerk of the Court served the order on the Plaintiffs via certified mail,

4   return receipt requested, at their last known address on June 3, 2008.  Plaintiffs did not retain substitute

5   counsel or file a notice with the court that they will be appearing in this matter *pro se* by July 3, 2008 as

6   required by the order.  On July 16, 2008, the court entered an Order to Show Cause (Dkt. #13) requiring

7   plaintiffs to show cause, in writing, no later than July 20, 2008, why a recommendation to the District

8   Judge should not be made that this case be dismissed for failure to prosecute and failure to obey the

9   court's order.  Plaintiffs failed to comply with the orders, and on August 5, 2008, the court issued a

10  Report of Findings and Recommendation to the District Judge recommending that this case be

11  dismissed without prejudice.  Defendant objected to the recommendation, asserting the Complaint

12  should be dismissed with prejudice.

13                                          **DISCUSSION**

14        Defendant asserts that the court should have dismissed this matter with prejudice, citing

15  Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986).  In Henderson, the Ninth Circuit affirmed a

16  district court's dismissal of a case with prejudice where plaintiff's counsel failed to prosecute the case

17  by not submitting a pretrial order after receiving four extensions over eleven months.  Id. at 1423.

18  Further, plaintiff's counsel had been explicitly warned by the court on several occasions that failure to

19  abide by the court's deadlines and the local rules would result in dismissal of his client's complaint.  Id.

20  The court found that plaintiff's "inordinate delay in the expeditious resolution of litigation" prejudiced

21  the court's need to manage its docket, and it dismissed the plaintiff's case with prejudice.  Id. at 1425.

22  The Ninth Circuit affirmed.  Id.

23        Rule 41(b) of the Federal Rules of Civil Procedure provides, "Unless the dismissal order states

24  otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits."  Id.  The

25  Report of Findings and Recommendation recommended that this case be dismissed without prejudice

26  because the Ninth Circuit has held that involuntary dismissal for failure to comply with a court's order

27  should be ordered only in "extreme circumstances," and lesser sanctions must be considered.  See

28  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); Dahl v. City of Huntington Beach, 84 F.3d

                                            2

363, 366-67 (9th Cir. 1996) (involuntary dismissal is a "sanction of last resort" and is generally only imposed in extreme cases); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Order to Show Cause (Dkt. #13) warned Plaintiffs that failure to show cause may result in a recommendation to the District Judge that the case be dismissed, but it did not state that the recommendation would be to dismiss with prejudice. Defendant asserts it will be prejudiced if the dismissal is without prejudice because this will permit Plaintiffs to re-file, and prejudice is presumed from unreasonable delay. More than sixty days have elapsed since the undersigned recommended dismissal of the Complaint. Plaintiffs did not respond to Defendant's Objection/Motion and have not taken any action to prosecute their claims. Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion."

Accordingly,

**IT IS RECOMMENDED** that Plaintiffs' Complaint be DISMISSED WITH PREJUDICE.

<u>**NOTICE**</u>

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve <u>specific written objections</u> together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

Dated this 9th day of October, 2008.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28